**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JEFFREY BRADFORD,

    Petitioner,

    v.

WARDEN JESSE BELL,

    Respondent.

Civil Action No. TDC-20-0525

**MEMORANDUM OPINION**

Petitioner Jeffrey Bradford, a former federal prisoner presently on supervised release, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he collaterally attacks the sentence issued in 2001 by the United States District Court for the Eastern District of North Carolina on his conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). The Petition is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6; Rules 1(b) and 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Petition will be DISMISSED.

**BACKGROUND**

**I.      Conviction and Sentence**

On August 30, 2001, following a jury trial in the United States District Court for the Eastern District of North Carolina, Bradford was found guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). At Bradford's December 20, 2001 sentencing hearing, the district court found that Bradford was a career offender under United States Sentencing Guidelines ("U.S.S.G.")

§ 4B1.1. In classifying Bradford as a career offender, the district court found that Bradford had the two requisite predicate convictions for a "crime of violence," as defined in U.S.S.G. § 4B1.2, consisting of a Maryland state conviction for robbery/housebreaking and a North Carolina state conviction for breaking and entering. After application of this enhancement, Bradford's total offense level was 34 and his criminal history category was VI, and the corresponding mandatory sentencing guideline range was 262 to 300 months, as compared to the range of 110 to 137 months that would have applied without the career offender enhancement. The court sentenced Bradford to 300 months of imprisonment followed by five years of supervised release. Bradford filed a direct appeal of his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction on August 30, 2002. *United States v. Bradford*, 43 F. App'x 710, 710 (4th Cir. 2002).

## II.    Section 2255 Motions

On December 30, 2010, Bradford filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of North Carolina. In this § 2255 motion as amended, Bradford argued that the Government improperly failed to disclose certain exculpatory witness impeachment material and also asserted a claim of ineffective assistance of counsel. On April 6, 2012, after having conducted two hearings and determined that there was no violation relating to the failure to disclose exculpatory material, the court dismissed the § 2255 motion as untimely. Bradford sought to appeal the decision, but the Fourth Circuit denied a certificate of appealability on July 13, 2012 and dismissed the appeal.

On June 26, 2015, the United States Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Id.* at 2563; *see* 18 U.S.C. §

2

924(c)(2)(B)(ii) (2012). Based on that decision, on June 1, 2016, Bradford filed in the Eastern District of North Carolina a Motion for Authorization to File a Second or Successive § 2255 Motion. On June 17, 2016, the Fourth Circuit authorized the second § 2255 motion. However, on November 14, 2018, Bradford filed a notice withdrawing this second § 2255 motion.

### III.    Section 2241 Petition

On February 26, 2020, while incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), Bradford filed the present, self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Maryland. On June 26, 2020, Bradford, through counsel, filed a Supplement to the Petition. In his filings, Bradford asserts that, in light of two Supreme Court decisions postdating his conviction and sentence, *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his North Carolina conviction for breaking and entering no longer constitutes a "crime of violence" under U.S.S.G. § 4B1.2(a), such that he does not have the requisite two convictions for crimes of violence needed to qualify as a "career offender" under the Sentencing Guidelines as they existed in 2001. As relief, Bradford requests that the Court vacate his sentence and resentence him without the career offender enhancement.

### DISCUSSION

Respondent contends that the Petition must be dismissed because: (1) the Court does not have jurisdiction or venue over the Petition because Bradford is no longer in federal custody in Maryland and is now on supervised release in North Carolina; and (2) Bradford may not advance his claim pursuant to a § 2241 petition because he has not demonstrated that a § 2255 motion is an inadequate or ineffective means to challenge his detention, as required by the "savings clause" set forth in 28 U.S.C. § 2255(e).

3

## I.    Jurisdiction and Venue

As threshold issues, Respondent asserts that the Petition must be dismissed for lack of jurisdiction and venue because (1) Bradford is no longer incarcerated in a federal prison but is instead currently on supervised release within the Eastern District of North Carolina; and (2) in any event, Bradford is neither incarcerated within or on supervised release within the District of Maryland. In a § 2241 action, jurisdiction is determined at the time the action is filed. *Lennear v. Wilson*, 937 F.3d 257, 263 n.1 (4th Cir. 2019). In *Lennear*, the Fourth Circuit found that when a habeas petitioner was moved to another prison in another district after he filed a proper habeas petition, the district court in which that petition was originally filed retained jurisdiction. *Id.* Because Bradford was a federal prisoner at FCI-Cumberland, within the District of Maryland, at the time that he filed his § 2241 Petition, the Court has jurisdiction over this case even though he is no longer incarcerated within or on supervised release in this District. *See id.*; *United States v. Edwards*, No. 93-7172, 1994 WL 285462, at *1 (4th Cir. June 29, 1994) (finding that the United States District Court for the District of South Carolina could have converted a motion into a § 2241 petition because even though the petitioner was then in custody in North Carolina, the petitioner was in custody in South Carolina at the time that the motion was filed).

Furthermore, the fact that Bradford is currently on supervised release, and not in custody, does not render the Petition moot. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). A case becomes moot only when it is "*impossible* for a court to grant any effectual relief whatever to the prevailing party." *Id.* In *Ketter*, the Fourth Circuit held that a former federal prisoner could "mount a challenge to his sentence even after incarceration has ceased, because he continues to serve a term of supervised release." *Id.* at 65. "[A] case is not

4

moot when an associated term of supervised release is ongoing, because . . . a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release." *Id.* at 66. Here, because Bradford remains on the supervised release portion of his sentence, the Petition is not moot. *Id.*; *see also Williams v. Wilson*, 747 F. App'x 170, 171 n.* (4th Cir. 2019) ("Because Williams continues to serve a term of supervised release, we . . . conclude that Williams'[s] [§ 2241] petition is not moot."). *Cf. Townes v. Jarvis*, 577 F.3d 543, 547, 549 (4th Cir. 2009) (finding that although a habeas petitioner was released on parole, his § 2254 petition was not moot in part because the challenged parole ineligibility finding could still affect the length of his parole).

## II.    The Savings Clause

In his Petition, Bradford challenges the imposition of his federal sentence as based on his erroneous classification as a career offender, resulting in a higher guideline range. Ordinarily, a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is the exclusive remedy for challenging the imposition of federal judgments and sentences. 28 U.S.C. § 2255(a) (2018); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (stating that "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255"). By contrast, a § 2241 petition is typically used to challenge the execution of a sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A § 2241 petition may be used to challenge the imposition of a sentence only pursuant to the "savings clause" of § 2255, which states that a habeas petition filed by a prisoner authorized to seek relief through a § 2255 motion "shall not be entertained if it appears that the applicant has failed to apply for relief, by [a § 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir.

2014) (finding that a § 2241 petition could be considered only if relief under § 2255 was "inadequate or ineffective" (quoting 28 U.S.C. § 2255(e))).

The Government has argued, based on *United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), that the exception provided by the savings clause is unavailable when the § 2241 petition challenges the legality of a sentence, rather than the underlying conviction. *Poole*, however, merely stated that, at the time that case was decided, the Fourth Circuit had "not extended the reach of the savings clause to those petitioners challenging only their sentence." *Id.* at 267 n.7. Since then, the Fourth Circuit has held in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), that the savings clause may be applied to permit a § 2241 petition challenging an allegedly unlawful sentence. *Id.* at 428; *see Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018).

*Wheeler* sets forth the applicable test for determining whether a § 2255 motion is an "inadequate or ineffective" remedy such that a § 2241 petition challenging the legality of a sentence may be considered. *Wheeler*, 886 F.3d at 429. This test requires that the petitioner demonstrate that: (1) "at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence"; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the "settled substantive law changed and was deemed to apply retroactively on collateral review"; (3) the petitioner is "unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions"; and (4) due to the retroactive change in law, "the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. Thus, the Court must find that these requirements have been established before considering the merits of the Petition.

## A.      Settled Law

First, Bradford must show that, at the time of sentencing, settled law of the Supreme Court or the Fourth Circuit established the legality of his sentence. *Id.* It is uncontested that, at the time of Bradford's sentencing, settled Fourth Circuit law established the legality of his sentence, specifically, that the challenged predicate conviction for breaking and entering under North Carolina law was a crime of violence for purposes of the career offender enhancement. *See United States v. Raynor*, 939 F.2d 191, 197 (4th Cir. 1991). Thus, Bradford has satisfied the first prong of the *Wheeler* test.

## B.      Change in Settled Law

Second, Bradford must show that, after his direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review. *Wheeler*, 886 F.3d at 429. Bradford argues that *Descamps* and *Mathis* established substantive changes in the relevant settled law. In *Descamps*, the Supreme Court considered how federal courts should apply the "categorical approach," originally adopted in *Taylor v. United States*, 495 U.S. 575, 602 (1990), as the means by which federal courts determine whether a prior conviction was for a "violent felony" for purposes of application of the mandatory minimum sentencing enhancement under the ACCA. *Descamps*, 570 U.S. at 257, 260–61. The Court held that sentencing courts must apply the strict categorical approach—which requires courts to compare the underlying statutory elements of the crime of conviction to the elements of the generic violent felony at issue, without regard to the facts underlying the actual crime of conviction—when the crime of conviction has a "single, indivisible set of elements." *Id.* at 257–58, 260–61. The Court further held that the "modified categorical approach"—under which the sentencing court may consider a limited class of case-related documents to determine which of a statute's alternative elements

formed the basis of the prior conviction—may be applied only if the criminal statute is divisible into multiple alternative forms of the crime. *See id.* at 262–64, 278. In *Mathis*, the Supreme Court reinforced *Descamps* by clarifying that the modified categorical approach may not be used when a statute lists "various factual means of committing a single element," rather than "multiple elements" listed disjunctively. *Mathis*, 136 S. Ct. at 2249, 2253. Based on these holdings, Bradford argues that the settled law relating to the categorical approach has changed, and that upon application of *Descamps* and *Mathis*, the North Carolina breaking-and-entering offense underlying his predicate conviction is not divisible. In turn, Bradford argues that because one means by which it can be committed places it outside the definition of a "crime of violence" for purposes of the career offender enhancement, he is no longer subject to that enhancement.

The Fourth Circuit, however, has held that *Descamps* and *Mathis* did not change settled law. Prior to the filing of the Petition, the court held in two different unpublished opinions that "*Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law," but instead "reiterated and clarified the application of the categorical approach or the modified categorical approach to determine whether prior convictions qualify as predicates for recidivist enhancements." *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); *see Muhammad v. Wilson*, 715 F. App'x 251, 252–53 (4th Cir. 2017). In both *Brooks* and *Muhammad*, the court held that because of the lack of a change in substantive law, a § 2241 petition was properly dismissed. *Brooks*, 735 F. App'x at 109 (finding that the requirements of *Wheeler* were not satisfied); *Muhammad*, 715 F. App'x at 253.

Since the filing of the Petition, the Fourth Circuit has confirmed this holding in a published opinion. In *Ham v. Breckon*, 994 F.3d 682 (4th Cir. 2021), the court specifically held that *Mathis* "did not change the settled substantive law of the Supreme Court with regard to application of the

8

categorical approach." *Id.* at 692 (citing *Muhammad*, 715 F. App'x at 252–53). The court further stated that *Mathis* had just restated an "old rule" and had "merely repeated" the "simple point" that a sentencing court "may look only to the elements of the offense, not to the facts of the defendant's conduct." *Id.* at 691–92. Although *Descamps* was not directly at issue in *Ham*, the court plainly concluded that the determination that *Mathis* did not change settled substantive law applied with equal force to *Descamps*, including by agreeing with the position that "*Descamps* and Mathis provided 'clarification' and 'further explanation' of prior Supreme Court case law," and by citing favorably its holding in *Muhammad* that "*Descamps* and *Mathis* did not announce a substantive change to the law." *Id.* at 691–92 (citing *Muhammad*, 715 F. App'x at 252–53). *Ham* also concluded that Mathis did not change settled substantive law in the Fourth Circuit as to the application of the modified categorical approach to the South Carolina burglary statute at issue in that case. *Id.* at 695. In doing so, it held that *Mathis* was consistent with existing Fourth Circuit case law such as *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), and *Omargharib v. Holder*, 775 F.3d 192 (4th Cir. 2014), both cited by Bradford, and noted that, as here, the petitioner could not identify a Fourth Circuit case marking a change in substantive Fourth Circuit law as it applied to the particular state predicate offense at issue. *Ham*, 994 F.3d at 695. The same reasoning applies to the present case. Finally, although Bradford cites various out-of-circuit cases on this issue, as noted in *Ham*, such precedent is unconvincing because the savings clause tests in other circuits can differ from the Fourth Circuit's test as set forth in *Wheeler*, in some instances failing to include the *Wheeler* requirement of a change in substantive law. *See Ham*, 994 F.3d at 695–96.

For these reasons, the Court finds that Bradford has failed to satisfy the second prong of the *Wheeler* test, a change in the settled substantive law of the Supreme Court or the relevant

circuit that was deemed retroactive on collateral review. *Ham*, 994 F.3d at 692; *Brooks*, 735 F. App'x at 109; *Muhammad*, 715 F. App'x at 253. The Petition will therefore be DISMISSED.

## III.    Certificate of Appealability

In certain circumstances set forth by statute, a federal habeas petitioner may not appeal the final order on a petition without first having received a certificate of appealability. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El* v. *Cockerell*, 537 U.S. 322, 336 (2003)). To the extent such a certificate is required here, the Court finds that the legal standard for issuance of a certificate of appealability has not been met and thus declines to issue one.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 will be DISMISSED. A separate Order shall issue.

Date: January 20, 2023

THEODORE D. CHUANG
United States District Judge

10